IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE D. CHASE, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-749-B-BK |
| § | |
| CITY OF RICE TEXAS, § | |
|     DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On March 31, 2021, Plaintiff Terrance D. Chase, a self-proclaimed "sovereign citizen," filed a *pro se* complaint against the City of Rice, Texas. Doc. 3 at 1, 5. He alleges Officer Waston threatened to kidnap him in violation of his Fourth and Fifth Amendment rights following a traffic stop and citation. Doc. 3 at 1-8. The Court determined that the complaint was inadequate to state a claim against the Defendant. Thus, on May 21, 2021, the Court issued a *Magistrate Judge's Questionnaire* to give Chase an opportunity to supplement his complaint by providing more specific facts to support his claims and cure the deficiencies noted. Doc. 13; *see Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

On June 14, 2021, Chase filed a pleading titled "*CONITIONAL ACCETANCE Notice of Demand and Fee Schedule*." Doc. 14. Liberally construed, Chase objects to (1) the referral of the case to the undersigned magistrate judge and (2) the filing of the *Magistrate Judge's*

*Questionnaire*. On July 14, 2021, the Court overruled Chase's objections and granted him until July 29, 2021, to answer the *Magistrate Judge's Questionnaire*. Doc. 15 at 1. Also, the Court cautioned Chase that, absent a showing of good cause, no further extensions of time would be granted and that "[f]ailure *to comply with this Order may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)*." Doc. 15 at 2.

On July 29, 2021, instead of filing his answers to the questionnaire, Chase filed a second "*CONITIONAL ACCETANCE Notice of Demand and Fee Schedule*," which the Clerk of the Court docketed as a motion for change of venue. Doc. 16. In essence, Chase again objects to the referral of the case to the undersigned magistrate judge and requests that the case be transferred to and "tried in common law." Doc. 16 at 1. That motion was summarily denied by the district judge. Doc. 17.

As of the date of this recommendation, Plaintiff has failed to respond to the Court's questionnaire, nor has he sought an extension of time to do so. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Chase has been given ample opportunity to respond to the Court's questionnaire, but has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution.

*See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on October 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Absent Chase's answers to the questionnaire, the Court cannot determine what claims he is raising and when the events at issue occurred. Doc. 13. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would apply in this case. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985). That notwithstanding, because there is a clear record of delay by Chase and no lesser sanction will prompt diligent prosecution of this case, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of some of his claims. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).